UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PEDRO JUAN CORTEZ TRUJILLO,
Petitioner,

v.

SCOTT MARQUARDT, CEO of MTC, acting Warden of Imperial Regional Adult Detention Facility; PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, ICE; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; U.S. DEPARTMENT OF HOMELAND SECURITY; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
Respondents.

Case No.: 3:26-cv-04665-LEK-MSB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Pedro Juan Cortez Trujillo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on August 14, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Scott Marquardt, CEO of Management and Training Corporation ("MTC"), acting Warden of Imperial Regional Adult Detention Facility; Patrick Divver, Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); Todd Blanche, U.S. Attorney General; DHS; and the Executive Office for Immigration Review (collectively "Respondents"),

filed a response to the Petition ("Response") on August 24, 2026. [Dkt. no. 4.] Petitioner filed a reply in support of the Petition ("Reply") on August 31, 2026. [Dkt. no. 5.]

Petitioner, a citizen of Peru, entered the United States on June 27, 2001. [Petition at ¶¶ 2, 66-67.] Petitioner alleges that he was detained by ICE on July 13, 2026, and was transferred to the Imperial Regional Adult Detention Facility, where he remained through the filing of the Petition. See id. at ¶¶ 1, 4. Petitioner alleges he is entitled to, *inter alia*, immediate release. See id. at pg. 24. In his Reply, Petitioner requests that this Court order Respondents to provide him a bond hearing before an immigration judge. See Reply at 6.

Respondents acknowledge that the Ninth Circuit Court of Appeals recently "held and clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225." See Response at 1; see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Respondents therefore admit that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 1.] Respondents admit that "Petitioner also appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz." Id. at 1 n.1; see also Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1124 (C.D. Cal. 2025).[1] Respondents argue that, because Petitioner's detention is subject to Section 1226(a), the Petition is moot because "Petitioner is able to request a bond hearing before an

---

[1] This Court notes that, on March 6, 2026, the Ninth Circuit administratively stayed the Maldonado Bautista decision "insofar as the district court's judgment extends beyond the Central District of California." Maldonado Bautista et al. v. U.S. Dep't of Homeland Sec. et al., No. 26-1044, Order, filed 3/6/26 (dkt. no. 5), at 1. Therefore, this Court resolves the instant Petition without reliance on Maldonado Bautista.

immigration judge." [Response at 2.] Respondents therefore assert the Petition should be denied or stayed until Petitioner requests and receives a bond hearing. [Id. at 3.]

> "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." S. Or. Barter Fair v. Jackson Cnty., 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always 'heavy,' as a case is not moot where any effective relief may be granted[.]" Wild Wilderness v. Allen, 871 F.3d 719, 724 (9th Cir. 2017) (quoting Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006)). . . .

Castaneda v. Lyons, Case No. 1:26-cv-01866-JLT-SAB-HC, 2026 WL 1623336, at *2 (E.D. Cal. June 5, 2026) (some alterations in Castaneda).[2] The mere fact that a bond hearing **can be** scheduled is insufficient to carry Respondents' heavy burden to establish that the Petition is moot at this time.

Respondents also argue that this Court should deny the Petition because Petitioner has not exhausted his administrative remedies in seeking a bond hearing. [Response at 2-3.]

> While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." Laing v.

---

[2] The magistrate judge's report and recommendation in Castaneda was adopted by the district judge. 2026 WL 1865440 (June 29, 2026).

> Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Id. at 1000 (internal quotations and citations omitted).

Miguel Pedro v. Mullin, Case No. 5:26-cv-04303-MBK, 2026 WL 2677303, at *4 (C.D. Cal. Sept. 11, 2026).

Here, the record indicates that Petitioner has not yet received a bond hearing. To the extent that Respondents argue Petitioner must first request a bond hearing to exhaust his administrative remedies, this Court finds that, in this instance, such exhaustion puts form over substance and would unnecessarily delay a remedy that Respondents concede is currently available to Petitioner. Cf. Cong v. Mullin et al., Case No. 5:26-cv-04899-DFM, 2026 WL 2692173, at *2 (C.D. Cal. Sept. 14, 2026) (concluding that exhaustion did not bar the petitioner's claim because exhaustion appeared futile).

Accordingly, this Court grants Petitioner's request for a bond hearing.[3] In addition, this Court makes the following orders regarding the bond hearing:

-the hearing must be held within seven days after the filing of this order;

-the hearing must be before a fair, neutral, and open-minded immigration judge;

---

[3] In light of this Court's determination that Petitioner is entitled to a bond hearing, this Court need not address Petitioner's Fourth Amendment and Fifth Amendment claims, [Petition at pgs. 21-23]. See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case" (quotation marks and citation omitted)).

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-the immigration judge shall consider whether alternatives to detention are appropriate and, if a bond is considered, the immigration judge shall consider Petitioner's ability to pay;

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 24. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

**CONCLUSION**

For the foregoing reasons, Petitioner Pedro Juan Cortez Trujillo's Petition for Writ of Habeas Corpus, filed August 14, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing under Title 8 United States Code Section 1226(a) **within seven days of the filing of this Order**. Respondents are FURTHER ORDERED to conduct the individualized bond hearing consistent with the terms of this Order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody. Further, the Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing by **October 12, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 25, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**<u>PEDRO JUAN CORTEZ TRUJILLO V. SCOTT MARQUARDT ET AL.</u>; CASE NO. 3:26-CV-04665-LEK-MSB; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**